UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Ronnie Colclough**, # 2672, ) | C/A No. 6:07-2910-HMH-WMC |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| **Sumter-Lee Regional Detention Center**, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

### Background of this Case

The petitioner is a pre-trial detainee at the Sumter-Lee Detention Center, which is located in Sumter, South Carolina. The Sumter-Lee Regional Detention Center is the local detention center for Lee County and Sumter County. The petitioner discloses that he was arrested on May 22, 2007, and was charged with larceny, grand larceny (more than $1,000 but less that $5,000), and two counts of burglary.

The petitioner raises one (1) ground in the petition: "The Plaintiff [*sic*] has been denied due process under South Carolina law[.]" In his supporting facts, the petitioner states that a preliminary hearing was not held within ten days, but was held on July 19, 2007. The petitioner also indicates that the trial court has not ruled on his motion for bond. The petitioner, who has not been indicted, appears to be contending that the state prosecution should have obtained an extension of time to indict him.

1

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).[1]  This court is required to construe *pro se* complaints, petitions, and pleadings liberally.  Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the Section 2241 petition in the above-captioned case is subject to summary dismissal.  The requirement of liberal

---

[1] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

2

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

With respect to the pending criminal charges, the petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion also required under 28 U.S.C. § 2241); and *Moore v. De Young*, 515 F.2d 437, 442-443 (3rd Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998)(*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)). Hence, pre-trial detainees in state criminal proceedings must exhaust their state remedies before seeking federal habeas corpus relief. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980). *Cf. Hamlin v. Warren*, 664 F.2d 29, 30-32 & n. * (4th Cir. 1981), *cert. denied*, 455 U.S. 911 (1982).

The criminal charges in question are pending in the Court of General Sessions for Sumter County. The Court of General Sessions for Sumter County is a court in the State of South Carolina's unified judicial system. *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court,

and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); *Spartanburg County Dept. of Social Services v. Padgett*, 296 S.C. 79, 370 S.E.2d 872, 875-876 & n. 1 (1988); and *Cort Industries Corp. v. Swirl, Inc.*, 264 S.C. 142, 213 S.E.2d 445, 446 (1975).

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-170 (1898); *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[2] *Nivens v. Gilchrist*, 319 F.3d 151 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030 (1990). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976). In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have

---

[2] Although the Supreme Court of the United States has not overruled *Taylor v. Taintor*, an unrelated portion of the decision in *Taylor v. Taintor*, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See Green v. State*, 829 S.W.2d 222, 223, (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."), *affirming Green v. State*, 785 S.W.2d 955 (Tex. App. Fort Worth 1990).

4

consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

In any event, it is clear that the petitioner has not exhausted his state remedies. The judgment in the petitioner's criminal case will not become final until he is convicted and sentenced. If the petitioner is convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. *State v. Northcutt*, 372 S.C. 207, 641 S.E.2d 873 (2007). If his direct appeal is unsuccessful, the petitioner can file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an "appeal" (petition for writ of *certiorari*) in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985).[3]

It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349-352 (1989). Secondly, the United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977). Applications for post-conviction

---

[3]The Supreme Court of South Carolina has authorized the South Carolina Court of Appeals to hear petitions for *certiorari* in post-conviction cases upon referral from the Supreme Court of South Carolina. *See* Supreme Court Order 2005-08 (C.O. 08 effective May 1, 2005), Shearhouse Advance Sheet # 19; and *Dunlap v. State*, 371 S.C. 585, 641 S.E.2d 431 (2007)("In appeals from criminal convictions **or post-conviction relief matters**, a litigant is not required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.")(emphasis in original).

relief are to be filed in the Court of Common Pleas for the county in which a South Carolina prisoner was convicted in a Court of General Sessions.

The Federal Speedy Trial Act, 18 U.S.C. § 3116 *et seq.*, applies to criminal prosecutions brought by the United States, and is not applicable to prosecutions by a State. *See*, *e.g.*, *United States v. Hall*, 1994 U.S.Dist. LEXIS® 14290, 1994 WESTLAW® 544514 (D.Kan., September 13, 1994); *United States v. Hanks*, 1994 U.S.Dist. LEXIS® 14295, 1994 WESTLAW® 544516 (D.Kan., September 13, 1994); and *United States v. James*, 861 F. Supp. 151 (D.D.C. 1994). Hence, the Federal Speedy Trial Act provides no basis for relief in the above-captioned case.

The Sixth Amendment, which, *inter alia*, provides that criminal defendants have the right to a speedy and public trial, was made applicable to the States in 1948. *See In Re Oliver*, 333 U.S. 257, 273 (1948). Even so, in light of the petitioner's failure to exhaust his state remedies, it is unnecessary for this court to conduct a full analysis of the four-part "speedy trial" test set forth by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

Since the petitioner has not been convicted and, hence, has yet to exhaust at least four (4) viable state court remedies — a criminal trial, a direct appeal, an application for post-conviction relief, and an "appeal" (petition for writ of *certiorari*) in the post-conviction case, this court should not keep this case on its docket while the petitioner is exhausting his state court remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See also Pitchess v. Davis*, 421 U.S. 482, 490

6

(1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993), *cert. denied*, 510 U.S. 1171 (1994), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

### *Recommendation*

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and *without requiring the respondent to file a return* because the petitioner has not exhausted his state court remedies. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the notice on the next page.

August 31, 2007                             s/William M. Catoe
Greenville, South Carolina                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied, Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).